UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON L. JONES,<br>        Petitioner,<br>    v.<br>DAVE DAVEY, Warden,<br>        Respondent. | Case No. 15-cv-01560-HSG (PR)<br><br>**ORDER DENYING REQUEST FOR STAY AND REQUIRING ELECTION BY PETITIONER**<br><br>Re: Dkt. No. 8 |

On April 6, 2015, petitioner Damon L. Jones, an inmate at Corcoran State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 12, 2015, the Court issued an Order on Initial Review in which it found that Petitioner had filed a mixed petition containing exhausted and unexhausted claims. In the Order, the Court explained to Petitioner that a federal court must dismiss a mixed petition and provided him with an opportunity to amend the petition by withdrawing the unexhausted claims and proceeding only on the exhausted claims, or to dismiss the mixed petition and return to federal court with a new petition once all claims were exhausted. The Court also explained that Petitioner could seek a stay of the petition while he was exhausting his claims in state court. Now before the Court is Petitioner's motion to stay his petition.

**DISCUSSION**

The United States Supreme Court has held that a district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. *Rhines*, 544

U.S. at 277. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.* Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." *Id.* at 278. An assertion of good cause turns on whether the petitioner can set forth a reasonable excuse supported by sufficient evidence to justify the failure to exhaust. *See Blake v. Baker*, 745 F.3d 977, 983-84 (9th Cir. 2014) (reversing denial of stay when petitioner supported his good cause argument with evidence including a neuropsychological and psychological evaluation and many declarations). Good cause for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). But *Rhines* made it clear that district courts should only stay mixed petitions in "limited circumstances." *Id.* at 661.

Here, petitioner has not attempted to show good cause to justify a *Rhines* stay. Nor is there anything in the record to suggest he could make the requisite showing. As Petitioner has not demonstrated good cause, the Court need not consider the other *Rhines* factor, i.e., whether the claims are potentially meritorious, and the motion for a stay will be denied.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this Court consider all his claims. Therefore, instead of an outright dismissal of the action, the Court will allow Petitioner to choose whether he wants to:

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims.

2

1 If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for a stay is DENIED. Petitioner must serve and file within **28 days** of the filing date of this Order, a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition. If he chooses either Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under Option ___ provided in the Court's Order Denying Request for Stay and Requiring Election by Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the two options he chooses. If Petitioner does not choose one of the two options by the deadline, the Court will dismiss the action.

This Order terminates Docket No. 8.

**IT IS SO ORDERED.**

Dated: 10/1/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge